IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA ATLANTA DIVISION

Sharon Booker as Executrix of the Estate of Corey Donegan and next Friend of J.D., C.D., and C.T., Minor children and surviving heirs of Corey Donegan,

Plaintiff,    1:18-CV-04297-LLM

Tiffiny D. Anderson, Timothy J. Lattimore Charles J. Lister, Junior L. Stephens, Samuel G. Woolwine, Edward Parks, and unknown Officers individually,

Defendants,

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

NOV 27 2019

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## PLAINTIFF REPLY OPPOSING DEFENDANT EDWARD PARKS BREIF OF HIS MOTION FOR SUMMARY JUDGMENT

COME NOW Plaintiff Sharon Booker filed this reply In Response to Defendant Edward Parks Motion For Summary Judgment, the plaintiff showing the court as follow:

I. INTRODUCTION  Officer Parks moved for summary judgment as to Plaintiff Sharon Booker's ("Booker" or "Plaintiff"), as Executrix of the Estate and next friend to Decedent Corey Donegan's ("Donegan") children, claims for failure to intervene and wrongful death. Plaintiff has responded to Officer Parks' motion but has failed to provide an admissible evidence or arguments to overcome Defendant

1

# PLAINTIFF REPLY OPPOSING DEFENDANT EDWARD PARKS BREIF OF HIS MOTION FOR SUMMARY JUDGMENT

COME NOW Plaintiff Sharon Booker filed this reply In Response to Defendant Edward Parks Motion For Summary Judgment, the plaintiff showing the court as follow:

I. INTRODUCTION Officer Parks moved for summary judgment as to Plaintiff Sharon Booker's ("Booker" or "Plaintiff"), as Executrix of the Estate and next friend to Decedent Corey Donegan's ("Donegan") children, claims for failure to intervene and wrongful death. Plaintiff has responded to Officer Parks' motion but has failed to provide an admissible evidence or arguments to overcome Defendant Park's motion at to he claim that he failed to intervene and prevent other officers from using force on Corey Donegan. (See generally Doc. 81). Rather, Plaintiff's response is based entirely on allegations, speculation, and inadmissible hearsay. **REPLY:** Let it be known that the plaintiff, has cited to evidence supported by citations to authority in her( Doc.81filed 10/23/19 pg. 7-29.)
Additionally, Plaintiff does not dispute that Victoria Donegan, Corey is the proper party to bring a wrongful death claim pursuant to O.C.G.A. § 51-4-2.

Plaintiff also makes entirely new accusations and arguments for the first time in her responsive brief. Specifically, Plaintiff contends that officers attacked Donegan twice—first during his initial arrest and for a second time in the back of the ambulance. (Id. at pp. 22-23). Plaintiff improperly raises these arguments for the first time in a responsive brief. However, as discussed herein, Plaintiff's contentions are factually incorrect and are completely based on speculation. For

1

the reasons included herein, Plaintiff's claims against Officer Parks fail as a matter of law. For the reasons set forth herein and in Officer Park's initial brief in support of his motion, Plaintiff's claims against him should be dismissed as a matter of law.

**REPLY:** Let it be known that the plaintiff does dispute that Victoria Donegan is the proper party and that the matter has already been resolved in rock dale county(Ex.6) court house. Let it be known that the plaintiff Corey Donegan and Victoria has been estrange for over 11 yrs. And was in pursuit of a divorce before these precedents, a will left to the mother, who also is the pro se Litigant, was contested and the court declared the mother was the proper party to represent all children in the estate of plaintiff Corey Donegan, Let it be known that after pro se took over case and thoroughly reviewed the case again, she discovered that defendants did in fact assaulted plaintiff Corey Donegan twice, according to Dekalb taser log(Exh.2)(Exh.5)AMR reports, Dekalb police detective K.C. Payton's reports,(Exh.U) and Grady Hospital Medical Reports, which all can be proven in trial, if needed. Also Let it be known that the plaintiff is not the only one who has new Allegations , defendant Parks has (Exh.  ) Supplied several inconsistent statements, his first statement he notice the plaintiff on the ground after being tased and placed in custody,( Exh.  ) he then said after returning from looking for officer Anderson car, he noticed a already in custody suspect **still** fighting with the officers, how could the plaintiff be fighting while handcuffed behind his back, so again all defendants has changed their stories several times in these claims, without amendments, according to all officers initial statements, investigation statements and declaration statements. Plaintiff claims against Parks should not be dismiss, because Officer parks was one of the first officers on the scene and played a major role, more than he admits, in the apprehension of the plaintiff, and had opportunity to save the plaintiff life, but chose not to do so.

2

Let it be known that there is no speculation on the plaintiff part, recorded facts has been presented and can be proven in trial if needed.

## II. ARGUMENT AND CITATION OF AUTHORITY A. PLAINTIFF IMPROPERLY RAISES NEW ALLEGATIONS AGAINST THE DEFENDANT OFFICERS IN HER RESPONSIVE BRIEF

Plaintiff contends for the first time in her responsive brief that Donegan was shocked by a TASER while he was in the back of the ambulance after he was subdued. (Doc. 81, p. 6). In her Complaint, Plaintiff argues that Parks "failed to intervene to prevent Anderson from using objectively unreasonable and disproportionate force by tasing Donegan when he was on the ground" and when "the other officers handcuffed him." (Doc. 1, p. 15) (emphasis added). Plaintiff's Complaint fails to assert that Officers used a TASER on Donegan while he was in the back of the ambulance, and she never sought to amend her Complaint to add this allegation.

**REPLY:** In the beginning, it was not known or told to the pro se plaintiff by the former attorney, who was in charge and controlled the discovery investigations for 8 months until withdrawing , of the defendants actions, it was when the plaintiff took over as pro se and reviewed all documents, that's when the new assertions was formed , according to true time lines and police dept. reports. Although the plaintiff fail to assert this new allegation, the AMR medical reported statements of the paramedics,(Exh.5) clearly stated and the time shows at 22:55 that while the

3

Defendants and paramedics was placing the plaintiff inside of the ambulance handcuffed and strapped to the stretcher, as seen on photos, from first initial assault Plaintiff began displaying insolvent behavior, when Officer Anderson taser, according to the truest taser log,(Ex.2) deployed twice at 23:02 and 23:03,(Ex.2) and this is when the second assault took place, because no injuries of lacerations, but a gunshot wound and scrapes was noted by all Defendants in Defendants detective danner investigation reports Defendants (Ex.7) pg. 16 para. 6,25 pg.17 para. 3-11, and para. 25.

during criminal investigations, lacerations by Officer Anderson was noted on scene in her statement (Ex.B).

Let it be known, all defendants stated in sworn statements, plaintiff was alert and talking to paramedics before being transported to hospital, not necessarily true,

AMR paramedics stated,( Ex.5) upon arrival, he was responsive but had a hard time breathing as seen on photos (Ex.9-11) But, according to AMR(Exh.5)

who did not mention a tasing, but assault, and assaulted was recorded in her records as causes of injuries to the plaintiff, after Officers Anderson's 2nd and 3rd tasing according to AMR paramedics notes, a second unit had to be called out

( Advance life support unit)instead of the( basic life support unit)
that was already on scene, which was recorded by the CAD report.(Exh.1)

The AMR(Exh.5) report went on to say that the plaintiff was un responsive with a Glasgow coma scale of 4 ,indicative of brain trauma, Defendants own supervisor

4

of the scene Detective A. Brown in his use of force report( Ex.M) also stated plaintiff was unresponsive on scene and could not be identified because of his injuries, Grady Hospital reports shows plaintiff arrived un responsive with multiple life threaten injuries,(Exh.Fpg.21)(Exh. Q. pg.66 ).

so let it be known that plaintiff allegations is true, according to recorded evidence of record, and can be shown at trial if needed, keep in mind that Officer Anderson taser was embedded and admitted (Ex.  )in the plaintiff at all times for over 30 minutes ,while plaintiff was being assaulted, which is egregious by nature, AMR paramedics stated in their records that the cause of the plaintiff's injuries was due to assault and assaulted(Exh.5 pg. 1-9), Autopsy photos(Exh.3) shows the egregious intentional infliction of assault by 10 defendants(Exh.1 pg.1-4) on the plaintiff.

## B. THERE IS NO EVIDENCE THAT OFFICER PARKS FAILED TO INTERVENE

In support of her failure to intervene claim against Officer Parks, Plaintiff states that Officer Parks "clearly stated that he witness (sic) [Donegan] fighting with the officers when he decided to leave to look for officer Anderson (sic) car, which was already secured by Officer S. Woolwine." (Doc. 81, p. 11). Officer Anderson's vehicle was "less than a 100 yards away" and it had "lights on at night time," but Officer Parks returned because he could not find the patrol car. (*Id.*) Plaintiff contends that this "proves [Officer Parks] had enough time and awareness to stop

the physical assault by the officers and that the officers was doing the fighting and not the plaintiff." (*Id.*) Plaintiff contends there were "multiple officers on the scene within a few feet of each other and had ample opportunity to save Mr. Donegan's life, but failed to do so." (*Id.*)

It appears that Plaintiff is attempting to rebut Officer Park's direct testimony with a circumstantial case of failure to intervene. Essentially Plaintiff argues that Officer Parks (1) saw Donegan being combative with the officers;

**REPLY:** Let it be known that according to defendants( Ex.7pg.15), investigation report, Officer parks was possibly the 2nd Officer on scene, and witness the plaintiff already on the ground from office Anderson first taser deployment , according to his statement, he then heard officer Anderson say her patrol car wasn't secured, he left to find her car ,which proves the plaintiff was under control, when he came back he saw the suspect **still fighting the officers**, which is untrue, because no officer, including Officer Anderson in her use of force report (Ex.3) never
mentions the plaintiff threw a punch, kick or pushed any officers, only stationary and insolent resistance was recorded see(Exh.5) along with defendants conclusory attempt to bite officer Lister, who was pulling his hand out of the plaintiff's mouth. (2) that Officer Anderson's patrol vehicle was not far away; and (3) that given the location of Officer Anderson's car, Officer Parks would have returned to the scene where Donegan was being detained and could have intervened on Donegan's behalf. Plaintiff's arguments, however, are based on pure speculation,

6

mischaracterize the evidence, and misstate Officer Parks' testimony.

**Plaintiff mischaracterizes Officer Parks' testimony that Donegan was "combative" and resisting arrest to mean that Donegan and the officers were engaged in an all-out brawl.** (*Id.* at ¶¶ 6, 7; Doc. 81, p. 11).

REPLY: plaintiff did not mischaracterize Defendant park statement, he clearly stated fighting instead of Resistance, according to Defendants (Ex.7) pg.15. All other defendants alleged resistance, except officer parks. Officer Parks interactions with the plaintiff **was not** extremely limited, he clearly stated in( Ex.7) that he grabbed the plaintiff's arm,, which later was recorded as tactical control hold to the plaintiff, while the rest of defendants applied handcuffs. Which shows he played a major part in the apprehension of the plaintiff Corey Donegan. Officer Parks was on scene after first tasing until transportation to the hospital.

**Officer Parks' interactions with Donegan and the other officers were extremely limited. Officer Parks saw Donegan resisting arrest when he first arrived on scene, and that Officer Anderson had already deployed her TASER.** (Parks Aff., ¶¶ 4, 5).

**As Officer Parks was walking back to the scene after searching for Officer Anderson's vehicle, he heard what he believed was a TASER, but he was 4-5 houses away from the other officers when this occurred.** (Parks Aff., ¶ 6).

Clearly at that point he was not in a position to intervene, even assuming there was a basis for him to have done so. He has testified that he did not see the officer's deploying a TASER at that point, but only heard a sound consistent with a TASER. (*Id.*)

REPLY: here again, Defendant parks story does not add up, he first stated he

7

arrived to find plaintiff on the ground from Anderson first taser deployment, Left to go look for a car he could not find, comes back, to find plaintiff **still fighting the officers**, and now for the first time in this new document, he alleges of hearing a **second taser** upon returning from looking for officer Anderson car, but not sure, because he was 4-5 houses away.

**REPLY:** Here again, defendants facts is distorted and should be disregarded as facts, because the taser record( Ex.2)and(Exh.B) Clearly shows Officer Anderson
1st tasing deployment at 22:34, CAD report shows plaintiff in custody at 22:45 plus/minus 2 minutes (with or without clock drift) Officer Lattimore 2 tasing at 22:51 and 22:52 followed by Officer Anderson last 2 tasing at 23:02 and 23:03, proving again defendants blatantly has made false allegations of time of events to cover their actions.

## C. PLAINTIFF OFFERS DOCUMENTS THAT ARE HEARSAY

Plaintiff offered documents in support of her opposition to Officer Park's motion that amount to inadmissible hearsay. At the summary judgment stage, "a court may only consider evidence that is admissible or that could be presented in admissible form." *Rowell v. Bellsouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005) ("On motions for summary judgment, we may consider only that evidence which can be reduced to an admissible form."). Specifically, Plaintiff offers Donegan's medical records to contest the DeKalb County Medical Examiner's determined

8

cause of death. (Doc. 81, p. 2). She relies on Donegan's medical records from Grady Hospital to support the proposition that Donegan died from "renal kidney failure from TASER exposure and subarachnoid hemorrhage of the brain due to trauma." (*Id.*, Doc. 81-2, pp. 1-14). These statements are hearsay, and Plaintiff has not offered an exception to the hearsay rule to render Donegan's medical records admissible. *See Fedon Mavromatis and Elisabeth Mavromatis v. Murphy*, 2016 WL 3012051, at *5 (N.D. Ga. May 26, 2016) (discussing statements in medical records has hearsay and applicability of Federal Rules of Evidence pertaining to medical records). Therefore, these documents are not properly before the Court and should not be considered as evidence in opposition to this Defendant's motion.

("On motions for summary judgment, we may consider only that evidence which can be reduced to an admissible form."). Specifically, Plaintiff offers Donegan's medical records to contest the DeKalb County Medical Examiner's determined cause of death. (Doc. 81, p. 2). She relies on Donegan's medical records from Grady Hospital to support the proposition that Donegan died from "renal kidney failure from TASER exposure and subarachnoid hemorrhage of the brain due to trauma." (*Id.*, Doc. 81-2, pp. 1-14). These statements are hearsay, and Plaintiff has not offered an exception to the hearsay rule to render Donegan's medical records admissible. *See Fedon Mavromatis and Elisabeth Mavromatis v. Murphy*, 2016 WL 3012051, at *5 (N.D. Ga. May 26, 2016)

**REPLY:** Plaintiff has submitted evidence to the court that is not hearsay, and if so, Plaintiff now request the honorable court to consider the hearsay under:

ARTICLE VIII. HEARSAY Rule 801-803.

(d) STATEMENTS THAT ARE NOT HEARSAY. A statement that meets the following conditions is not hearsay: (1) A Declarant-Witness's Prior Statement.

9

The declarant testifies and is subject to cross-examination about a prior statement, and the statement: (A) (B) is consistent with the declarant's testimony and is offered: (i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or (ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground; or (C) identifies a person as someone the declarant perceived earlier. (2) An Opposing Party's Statement. The statement is offered against an opposing party and: (A) was made by the party in an individual or representative capacity; (B) is one the party manifested that it adopted or believed to be true; (C) was made by a person whom the party authorized to make a statement on the subject; (D) was made by the party's agent or employee on a matter within the scope of that relationship and while it existed; or (E) was made by the party's coconspirator during and in furtherance of the conspiracy. The statement must be considered but

does not by itself establish the declarant's authority under (C); the existence or scope of the relationship under (D); or the existence of the conspiracy or participation in it under (E). The Rule against Hearsay Hear say is not admissible unless any of the following provides otherwise: • a federal statute; • these rules; or • other rules prescribed by the Supreme Court.

Rule 803 FEDERAL RULES OF EVIDENCE

Rule 803. Exceptions to the Rule Against Hearsay—Regardless of Whether the Declarant Is Available as a Witness The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: (1) Present Sense Impression. A statement describing or explaining an event or condition, made while or immediately after the declarant perceived it. (2) Excited Utterance. A statement relating to a startling event or condition, made while the

declarant was under the stress of excitement that it caused. (3) Then-Existing Mental, Emotional, or Physical Condition. A statement of the declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health), but not including a statement of memory or belief to prove the fact remembered or believed unless it relates to the validity or terms of the declarant's will. (4) Statement Made for Medical Diagnosis or Treatment. A statement that: (A) is

made for—and is reasonably pertinent to—medical diagnosis or treatment; and (B) describes medical history; past or present symptoms or sensations; their inception; or their general cause. (5) Recorded Recollection. A record that: (A) is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately; (B) was made or adopted by the witness when the matter was fresh in the witness's memory; and (C) accurately reflects the witness's knowledge. If admitted, the record may be read into evidence but may be received as an exhibit only if offered by an adverse party. (6) Records of a Regularly Conducted Activity. A record of an act, event, condition, opinion, or diagnosis if: (A) the record was made at or near the time by—or from information transmitted by— someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity; (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness. (7) Absence of a Record of a Regularly Conducted Activity.

11

Evidence that a matter is not included in a record described in paragraph (6) if: (A) the evidence is admitted to prove that the matter did not occur or exist;

**D. OFFICER PARKS WAS NOT A MEMBER OF DEKALB COUNTY POLICE DEPARTMENT**

Plaintiff argues that the DeKalb County officers did not comply with DeKalb County's departmental policies by failing to file use of force reports. (Doc. 81, pp. 5, 7, 8). She further claims that DeKalb County did not turn over certain discoverable items and attempted to conceal the identities of other DeKalb County officers who were at the scene. (Id. at 5). Plaintiff's policy and report violations are directed at DeKalb County only. It is undisputed that Officer Parks was a City of Lithonia Police Officer. (Doc. 1; Parks Aff., ¶ 2). Officer Parks is not subject to DeKalb County's policies and procedures, including any use of force policies. Additionally, Officer Parks has no control over the DeKalb officers' reports or documents that were given to Plaintiff. These claims do not pertain to Officer Parks and should not be considered by this Court with respect to his Motion for Summary Judgment.

Documents 1 and attempted to conceal the identities of other DeKalb County officers who were at the scene. (Id.at 5). Plaintiff's policy and report violations are directed at DeKalb County only. It is undisputed that Officer Parks was a City of Lithonia Police Officer. (Doc. 1; Parks Aff., ¶ 2). Officer Parks is not subject to DeKalb County's policies and procedures, including any use of force policies.

Additionally, Officer Parks has no control over the DeKalb officers' reports or documents that were given to Plaintiff. These claims do not pertain to Officer Parks and should not be considered by this Court with respect to his Motion for Summary Judgment.

**REPLY:** Although Officer Parks are not a Dekalb Officer, he was performing his duties in dekalb jurisdiction and should be held in the same regards.

## E. DONEGAN'S CRIMINAL CHARGES WERE DROPPED DUE TO HIS DEATH

Plaintiff claims that the DeKalb County District Attorney dropped all criminal charges against Donegan because Charisma Johnson never stated that Donegan shot her. (Doc. 81, pp. 2-3). Donegan's charges were actually dropped due to his impending death rather than a lack of evidence against him. Regardless, this argument is not relevant with respect to the failure to intervene or wrongful death. Plaintiff contends that since proceeding *pro se*, DeKalb County has turned over reports, photos, records, time lines, TASER logs, and statements, which show that DeKalb County allegedly tried to conceal the identities of additional officers who may have been present at the scene. (Doc. 81p. 4). Plaintiff's claim is misleading, as she has only been proceeding *pro se* for a short period of time. Plaintiff was represented by counsel in her original lawsuit that was filed on June 5, 2017, which was subsequently dismissed. *See Booker v.Thurmond, et al.*, CAFN 1:17-cv-02046-

LMM.Plaintiff was also represented by different counsel in this suit, which was refiled on September 11,2018. (Doc. 1, p. 25) claims against Officer Parks. Plaintiff'scontention is also unsupported by admissible evidence and is speculation. Donegan's

criminal charges have no bearing on Officer Parks' motion and he is still entitled summary judgment on all claims.

**REPLY:** Although charges was dropped because of plaintiff death, let it be known that it can be shown, that it was the Defendants actions, that caused his DEATH.

## F. OFFICER PARKS IS ENTITLED TO QUALIFIED IMMUNITY AND OFFICIAL IMMUNITY

Plaintiff does not dispute that "all defendants was (sic) acting within the scope of their discretionary authority when the wrongful acts occurred." (Doc. 81, p. 19). Officer Parks is entitled to qualified immunity on all claims because Plaintiff cannot show that he did not act in an "objectively reasonable fashion under the circumstances." *See Ensley*, 142 F.3d at 1402. Plaintiff did not offer any evidence to demonstrate that Officer Parks observed, anticipated, and could have stopped the alleged use of force during Donegan's arrest. *See Hadley*, 526 F. 3d at 1331.p

**Plaintiff reply**: Plaintiff has already in past and previous motions offered evidence

14

as to why Officer parks is not entitled to qualified immunity, and should be denied summary judgment as well.

## G. PLAINTIFF DOES NOT HAVE STANDING TO BRING A WRONGFUL DEATH CLAIM UNDER O.C.G.A. § 51-4-2

Plaintiff does not dispute that she does not have standing to pursue the wrongful death claim against the Defendants. Plaintiff fails to address Officer Parks' argument that Donegan was married to Victoria Donegan at the time of this death. Victoria Donegan, as Corey Donegan's surviving spouse, holds the wrongful death claim for Corey Donegan pursuant to O.C.G.A. § 51-4-2. Therefore, Plaintiff, on behalf of J.D., C.D., and C.T., has not properly asserted a wrongful death claim, and it is due to be dismissed.

**REPLY:** Let it be known that the plaintiff has properly asserted to a wrongful death claim in her (Doc. 81 pg.16 ) does dispute that Victoria Donegan is the proper party and that the matter has already been resolved in rock dale county court house (Ex.6). Let it be known that the plaintiff Corey Donegan and Victoria has been estrange for over 11 yrs. And was in pursuit of a divorce before these precedents, a will left to the mother, who also is the pro se Litigant, was contested and the court declared the mother was the proper party to represent all

children in the estate of plaintiff Corey Donegan.

## III. CONCLUSION

WHEREFORE, for the reasons set forth above, Officer Edward Parks should be denied qualified immunity as well as summary judgment on his Motion for Summary Judgment.

                                                                       Sharon Booker-Pro se Plaintiff

## CERTIFICATE OF COMPLIANCE WITH L.R.7.1

The undersigned attests that this document was prepared in Times New Roman 14- point font that complies with this Court's Rules.

This 27th day of November, 2019.

/s/ Sharon Booker

Sharon Booker

5054 Stoney Point Lane

Stone Mountain, GA. 30088

678-595-4355