IN THE UNITED DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHARON BOOKER AS EXECUTRIX OF THE ESTATE, et al., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAFN: 1:18-cv-04297-LMM |
| TIFFINY D. ANDERSON, et al., | ) ) | |
| Defendants. | ) ) ) | |

**DEFENDANT OFFICER EDWARD PARKS'
STATEMENT OF MATERIAL FACTS**

COMES NOW Defendant Officer Edward Parks ("Officer Parks"), a named

Defendant in the above-styled action and, pursuant to Local Rule 56.1, shows this

Honorable Court that there is no genuine issue to be tried by submitting the following

material facts as follows:

1. On September 12, 2016, at approximately 22:20-22:30, two callers called 911

   to report that a man, who was later identified as Corey Donegan ("Donegan")

   was running in the street near the intersection of Philips Road and Philips Lake

   Way and that he "look[ed] kind of funny." (Doc. 1, ¶¶ 14, 15).

2. Both callers also reported hearing gunshots. (Doc. 1, ¶ 16).

1

3. Officer Tiffiny Anderson ("Officer Anderson") of the DeKalb County Police Department was dispatched to the scene, and she observed Donegan walking into oncoming traffic and that he had a gunshot wound to his right hand/wrist. (Doc. 1, ¶¶ 19, 23).

4. Officer Anderson ordered Donegan to stop and put his hands in the air. As Donegan raised his arms, she saw what appeared to be a firearm under his arm. (Doc. 1, ¶¶ 24-26).

5. Officer Anderson drew her firearm and ordered Donegan to drop the weapon, which he eventually placed on the ground. (Doc. 1, ¶¶ 27, 28).

6. Donegan then fled on foot into oncoming traffic, before attempting to break into a home in the area. (Doc. 1, ¶¶ 33, 35).

7. As Donegan was attempting to break into the house, he saw Officer Anderson approaching and again attempted to flee from her. (Doc. 1, ¶ 44).

8. Officer Anderson deployed her taser at Donegan. (Doc. 1, ¶ 57).

9. Sometime thereafter, Officer Junior Stephens ("Officer Stephens") of the DeKalb County Police Department and Officer Parks of the Lithonia Police Department arrived on scene. (Doc. 1, ¶¶ 68, 69; Parks Aff., ¶ 5).

10. Donegan was laying in the grass in front of a residence in a residential neighborhood, and it was very dark. (Parks Aff., ¶ 5).

2

11. Upon arriving at the scene, Officer Anderson told Officer Parks that she left her patrol vehicle near Laurel Post Drive and Giles Road, and that her vehicle was unsecured. (Parks Aff., ¶ 5).

12. Officer Stephens and Officer Anderson stayed with Donegan, while Officer Parks walked up a hill on Laurel Post Drive to find Officer Anderson's patrol vehicle in an attempt to secure it. (Parks Aff., ¶ 5).

13. After a few minutes of searching, Officer Parks was unable to locate Officer Anderson's patrol vehicle, so he returned to the scene where the officers had apprehended Donegan to further assist them. (Parks Aff., ¶ 5).

14. As Officer Parks walked back down the hill on Laurel Post Drive from trying to locate Officer Anderson's vehicle, he heard the sound of what he believed was a taser being deployed. (Parks Aff., ¶ 6).

15. Officer Parks did not see this taser being deployed. (Parks Aff., ¶ 6).

16. Officer Parks then ran to where the officers and Donegan were located, and he saw that Donegan was being combative, he was yelling loudly, and he was resisting arrest. (Parks Aff., ¶ 6).

17. By the time Officer Parks returned to the scene where Donegan was located, Officers Timothy Lattimore ("Officer Lattimore") and Charles Lister

("Officer Lister") of the DeKalb County Police Department had arrived on scene to provide back up. (Parks Aff., ¶ 6; Doc. 1, ¶¶ 73-74).

18. Officer Stephens, Officer Lattimore, and Officer Lister were attempting to handcuff Donegan, but Donegan was grasping his wrists with his hands to avoid being placed in handcuffs. (Parks Aff., ¶ 6).

19. Donegan bit Officer Lister on the hand. (Parks Aff., ¶ 6).

20. Officer Lister was eventually able to get a handcuff around one of Donegan's wrists, and Officer Stephens and Officer Parks were able to place the other handcuff around Donegan's other wrist. (Parks Aff., ¶ 7).; Doc. 1, ¶¶ 77-78).

21. Officer Stephens held Donegan's arm while Officer Parks placed the handcuff on Donegan's wrist. (Parks Aff., ¶ 7).

22. Once the American Medical Response EMS ("AMR") unit arrived, Officer Parks had no further contact with Donegan. (Parks Aff., ¶ 7; Doc. 1, ¶ 87).

23. Officer Parks did not observe any officers, including Officer Anderson or Officer Lattimore, use any tasers on Donegan at any point during the arrest of Donegan on September 12, 2016. (Parks Aff., ¶ 8; Anderson Aff., ¶¶ 8, 9).

24. Officer Parks did not see any officers strike Donegan, nor did he observe any head injuries or head trauma at the scene. (Parks Aff., ¶ 8; Anderson Aff., ¶¶ 17, 18; Lister Aff., ¶ 13).

25. Officer Parks did not see any officers strike or taze Donegan when he was in the back of the AMR ambulance before he was transported to Grady Memorial Hospital. (Parks Aff., ¶ 8).

26. Corey Donegan is survived by his wife, Victoria Donegan. (S. Booker depo., 17:17-18:3, 18:22-23; K. Booker depo., 29:23-30:4).

27. Corey Donegan and Victoria Donegan were allegedly estranged before his death, but they never divorced. (S. Booker depo., 17:17-18:3).

28. Corey Donegan was still married to Victoria Donegan at the time of his death. (S. Booker depo., 18:22-23, 17:17-18:3; K. Booker depo., 29:23-30:4).

29. No police officer entered the back of  EMT Chanelle Robinson's ambulance, Unit M66, which is the ambulance that Donegan was placed in for transport to Grady Memorial Hospital. (Robinson depo. p. 43)

30. No officer tased Donegan in EMT Chanelle Robinson's presence.  (Robinson depo. pp. 44,53-54)

*[signature on following page]*

Respectfully submitted this 29<u>th</u> day of April, 2020.

**DERMER APPEL RUDER, LLC**

<u>/s/Adam L. Appel</u>
**ADAM L. APPEL**
Georgia State Bar No.: 020765
***Attorneys for Defendant Edward Parks***

6075 The Corners Pkwy., Suite 210
Peachtree Corners, GA 30092
PH: (404) 881-3557
FAX: (404) 892-8886
aappel@darlawllc.com

6

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), the undersigned counsel hereby certifies that

the foregoing brief was prepared in Times New Roman 14-point font, in compliance

with Local Rule 5.1(C).

This <u>29</u><sup>th</sup> day of April, 2020.

          **DERMER APPEL RUDER, LLC**

          */s/Adam L. Appel*
          **ADAM L. APPEL**
          Georgia State Bar No.: 020765
          ***Attorneys for Defendant Edward***
          ***Parks***

6075 The Corners Pkwy., Suite 210
Peachtree Corners, GA 30092
PH: (404) 881-3557
FAX: (404) 892-8886
aappel@darlawllc.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I have this day served a copy of the **DEFENDANT**

**OFFICER EDWARD PARKS' STATEMENT OF MATERIAL FACTS** by

electronic filing with the Clerk of Court using the CM/ECF e-file system which will

automatically forward a copy to the counsel of record as follows:

Karen E. Woodward
Cruser, Mitchell, Novitz, Sanchez, Gaston & Zimet, LLP
kwoodward@cmlawfirm.com
404-881-2623

I further certify that I have served a copy of the above-referenced pleading via

US Mail, proper postage prepaid, to the following counsel of record:

Sharon Booker, *Plaintiff Pro Se*
5054 Stoney Pointe Lane
Stone Mountain, Georgia 30088

[*signature on following page*]

This <u>29</u><sup>th</sup> day of April, 2020.

                                        **DERMER APPEL RUDER, LLC**

                                        */s/Adam L. Appel*
                                        **ADAM L. APPEL**
                                        Georgia State Bar No.: 020765
                                        ***Attorneys for Defendant Edward***
                                        ***Parks***

6075 The Corners Pkwy., Suite 210
Peachtree Corners, GA 30092
PH: (404) 881-3557
FAX: (404) 892-8886
aappel@darlawllc.com